UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV933 HEA |
| | ) | |
| DANIEL BLAIR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Partial Dismissal, or, Alternatively, for Partial Summary Judgment, [Doc. No. 20]. Plaintiff opposes the Motion. The parties have submitted affidavits and materials outside the pleadings. Therefore, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Motion is taken as one for summary judgment. For the reasons set forth below, the Motion is denied.

On June 15, 2009, Plaintiff filed this action under 42 U.S.C. § 1983 against Defendants alleging violations of his constitutional rights. Defendants move for partial summary judgment claiming that Plaintiff has failed to exhaust his administrative remedies with respect to the claims that Defendant Clubbs made

threats against him and issued him a false conduct violation in retaliation for filing a grievance alleging excessive force against the other Defendants; that Defendant Blair ordered him placed into a cell without necessary amenities, and that this was done in retaliation for filing grievances against other Defendants; and that Defendant Blair threatened to retaliate against him for filing the above-described grievances.

## Facts and Background

Plaintiff did not follow the ordinary exhaustion of administrative remedies of filing an Informal Resolution Request, then an Offender Grievance and finally an Offender Grievance Appeal. Rather, Plaintiff filed a "reprisal" which bypasses the regular grievance processes requirement of filing the IRR and the Offender Grievance. The reprisal grievance is submitted when the offender believes he is being retaliated against by any staff member as a result of filing an informal resolution request/offender grievance. The offender may submit an Offender Grievance Appeal which is reviewed by the division director for reprisals.

Plaintiff filed "reprisal" grievances for all of the claims for which Defendants are seeking summary judgment. The reprisal grievances were reviewed by Deputy Director Patricia Cornell. Following an investigation, Cornell wrote Plaintiff a letter

informing him that no evidence supported his allegation that Defendants Clubbs and Blair had retaliated against him.  Cornell's letter informed Plaintiff that if he wished to pursue the complaint further, he would be required to file a Grievance and then file a Grievance Appeal as required by the regular grievance process.

## Discussion

## Standard of Review

The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); "Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Myers v. Lutsen Mtns. Corp.*, 587 F.3d 891, 893 (8th Cir.2009). If a nonmoving party has failed to establish the existence of an element of that party's claim, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)" *Cole v. Homier Distributing Co., Inc.,* 2010 WL 1171741, 6 (8th Cir. 2010).  The moving party has the burden to establish both the absence of a genuine issue of material fact

and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex,* 477 U.S. at 322; *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere

speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial."

*Kountze ex rel. Hitchcock Foundation v. Gaines*, 536 F.3d 813, 817 (8th Cir. 2008). While the moving party bears "the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings," the discovery, disclosure materials and affidavits "which it believes demonstrate the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323 it is incumbent on the party with the burden of proof at trial to present sufficient evidence to establish the elements essential to its claims. See Celotex, 477 U.S. at 322-23. Thus, Plaintiff, even though the non-moving party for summary-judgment purposes, "must still 'present[ ] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.' " *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1003-04 (8th Cir.2005) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992)).
*Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 742 -743 (8th Cir. 2009).

### **Exhaustion of Administrative Remedies**

Defendants argue that they are entitled to summary judgment because Plaintiff failed to fully and properly exhaust his administrative remedies. The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007)("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id*., at 211; see also *Woodford v. Ngo*, 548 U.S. 81-89-91 (2006). The Eighth Circuit has clarified that the PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. See *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir.2000). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Available grievance procedures must be exhausted even if the relief the inmate seeks under § 1983 was not available through those procedures. *Booth v. Churner*, 532 U.S. 731, 737-41 & n. 6 (2001); *King v. Iowa Dept. of Corrections,* 598 F.3d 1051, 1052 -1054 (8th Cir. 2010).

"In *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S.Ct 2378, 165 L.Ed2d 368

(2006), the Supreme Court held that § 1997e(a) requires 'proper' exhaustion, that is, 'a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" *King*, 598 F.3d at 1053.

To fully exhaust administrative remedies, within the MDC, a prisoner must file: (1) an informal resolution within 15 working days of the incident; (2) an offender grievance; and (3) the grievance appeal. Additionally, the MDC's policies require that the process be completed within certain time frames and must comply with procedural rules.

The only issue to be resolved in this motion is whether Plaintiff properly exhausted the grievance procedure. Defendants argue that because Plaintiff did not file a Grievance and a Grievance Appeal following Cornell's letters, he has not exhausted the grievance procedure. Plaintiff contends that he did indeed exhaust because his grievances were "reprisals" which do not require the filing of a Grievance and Grievance Appeal.

> Section III.D.5 provides:
>
> If the division director/designee determines that the complaint is not a reprisal, the original grievance appeal will be sent back to the grievance officer at the institution from which the complaint was initiated and will include a letter notifying the offender that the complaint is *not* a reprisal for delivery to the offender.

(Emphasis Added).

Section III.D.6.b provides:

Upon receipt, the grievance officer will:
b.      will instruct [the offender] to resubmit the complaint on the Informal Resolution Request form.

Defendants argue that Plaintiff must resubmit the complaint as a reprisal through the regular procedure. This argument is without logic. If the director has determined that the complaint is *not* a reprisal, the requirement that it be resubmitted as a reprisal would be futile. Rather, it appears that the offender is instructed that he/she may resubmit his/her complaint as something *other than* a reprisal. Indeed, it is apparent from the Grievance procedure that complaints claiming to be reprisals are afforded a less stringent procedure, *i.e.*, bypassing the first two steps in order to have the director address the complaints

In this matter, Plaintiff is contesting the determination that the actions were indeed reprisals and therefore, he should not have to go through the three step process after having had the determination by the director. Thus, rather than resubmitting the complaint as something other than a reprisal under the ordinary process, Plaintiff is challenging the director's denial that the complaints were reprisals.

Defendants do not explain why an offender would be required to resubmit the identical claim through the three step process after it has been determined by the director, the ultimate decision-maker on the complaint in both instances, that the

complaint is not a reprisal.

## Conclusion

It appears that Plaintiff has exhausted his administrative remedies with respect to his complaints that the actions taken by Defendants Clubbs and Blair were in retaliation for filing grievances. As such, he should be allowed to proceed in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment, [Doc. No. 20] is **DENIED**.

Dated this 13th day of July, 2010.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE