UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTOR M. SANTIAGO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:09CV933 HEA |
| DANIEL BLAIR, et al., | ) |
| Defendants. | ) |

## **DEFENDANTS' TRIAL BRIEF**

Defendants Daniel Blair, Timothy Williford, David Parsons, Andrew Fox, and Shannon Clubbs ("Defendants"), by and through their undersigned counsel, submit the following trial brief.

**I.  Plaintiff's Excessive Use of Force Claim**

Plaintiff Victor Santiago, who is serving a life sentence in the Missouri Department of Corrections, was confined at Potosi Correctional Center ("PCC"), which is a maximum security facility, in July of 2008 through March of 2009. Plaintiff claims that Blair, Williford, Fox, and Parsons violated his Eighth Amendment rights when they used excessive force while escorting him from the kitchen to the medical unit.

"In an Eighth Amendment excessive force case, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Smith v. Conway*

*Co., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (internal quotations omitted). This standard is used because prison disturbances require "corrections officers to act in haste, under pressure, and frequently without the luxury of a second chance." *Taylor v. Dormire*, 690 F.3d 898, 903 (8th Cir. 2012). The reasonableness of the force used is "judged from the perspective of a reasonable officer on the scene and in light of the particular circumstances." *Smith*, 759 F.3d at 858. Such a determination may also be evaluated in light of "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.*

The evidence will show that the force used by Blair, Williford, Parsons, and Fox was reasonable and necessary to resolve a disturbance created by Plaintiff that posed significant risks to the security of the institution and the safety of prison staff. More specifically, the evidence will show that on the morning of July 25, 2008, Plaintiff failed to report to work in the kitchen. As a result, a prison-wide search was conducted to locate Plaintiff as it was unknown whether he was injured, was attempting to escape, or was causing trouble somewhere else in the prison. Sometime later that morning, Lieutenant Blair, who oversaw the portion of the prison that included the kitchen, learned that Plaintiff had been located in the recreation area and

2

eventually reported to work in the kitchen. Blair will testify that he was aware of another incident earlier that year in which Plaintiff failed to report to work in the kitchen.

Blair went to the kitchen and advised Plaintiff he was going to be placed on temporary administrative segregation confinement ("TASC") due to Plaintiff's failure to report to work on time. Blair told COI Randy Nash to take Plaintiff to the strip out room in the kitchen to change out of his work uniform into his prison issued clothes. After several minutes, Blair went back to the strip out room to see why Plaintiff was taking so long to change. Blair observed Plaintiff standing in a physically aggressive stance with his fists clenched, muscles flexed, and saying that he wasn't going anywhere. Blair ordered Plaintiff to continue to get dressed and to "cuff up" when he was done so he could be escorted to the medical unit for a TASC evaluation. Plaintiff threatened to "drop" Blair if he touched him. Believing that their safety was in jeopardy, Blair and Nash called out a 10-5 on the radio, which means that an officer needs immediate assistance.

Shortly thereafter, Plaintiff allowed Blair to put handcuffs on his wrists. Blair did not lock the handcuffs and made sure they were loose enough that he could slip a finger between the cuffs and Plaintiff's wrist. COI Timothy Williford was the first officer to respond to the 10-5 radio call and began to escort Plaintiff from the strip out room in the kitchen area to

the medical unit.  As Williford escorted Plaintiff with a soft-empty hand through the kitchen, Plaintiff began to threaten Williford.

When they turned the corner to exit the kitchen area, Plaintiff attempted to break free of the escort.  Williford placed Plaintiff against the wall so that Plaintiff's back was facing Williford.  Plaintiff threw his head back several times and head butted Williford in the nose.  COI Andrew Fox, who was following behind the escort, applied two bursts of pepper spray at Plaintiff in an attempt to gain control of the situation.  As this occurred, COI David Parsons and several other corrections officers were coming into the kitchen in response to the 10-5 call and assisted in gaining control of Plaintiff.  Plaintiff was placed on the ground and Parsons applied leg restraints to Plaintiff to further gain control.  Parsons and Fox then escorted Plaintiff to the medical unit for an evaluation and then to the TASC unit without further incident.

The evidence will show that Defendants' use of force was reasonable and necessary to resolve the disturbances created by Plaintiff that posed significant risks to the security of the prison and safety of the staff.  The Defendants' response to Plaintiff's actions will not support a jury finding of an Eighth Amendment violation.

## II. Plaintiff's First Amendment retaliation claim

Plaintiff also claims that COI Shannon Clubbs and Blair violated his First Amendment rights in retaliation for Plaintiff's filing of a grievance related to the use of force incident on July 25, 2008. In order to prevail on a § 1983 claim for First Amendment retaliation, the plaintiff must demonstrate "(1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013). Defendants do not dispute that the filing of a grievance is a protected activity. *See Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009).

The evidence will show that Clubbs never threatened Plaintiff's life and was completely unaware that Plaintiff had filed a grievance against Blair, Williford, and Fox as a result of the use of force. The evidence will also show that Plaintiff was moved to a single-man cell because he assaulted Clubbs on March 2, 2009 and that the cell transfer was not in retaliation for the filing of a grievance. Furthermore, the decision to move Plaintiff to a single-man cell was not made by Clubbs or Blair. Blair will testify that he never made any threats to Plaintiff that things would get worse, that he did not make the decision about which cell Plaintiff would be moved into following his assault

5

on Clubbs, and that Plaintiff would not have been moved into a cell without working plumbing. The credible evidence will show that Clubbs and Blair did not retaliate against Plaintiff for exercising his First Amendment rights.

### III. Punitive damages

Plaintiff has indicated that he is seeking punitive damages. Punitive damages are only awarded after a showing of "evil motive or intent" or "reckless or callous indifference." *Naucke v. City of Park Hills*, 284 F.3d 923, 929 (8th Cir. 2002) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Defendants anticipate that there will be insufficient evidence at trial supporting a claim for punitive damages.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Karin A. Schute*
Karin A. Schute, #62019MO
Assistant Attorney General
Dana W. Tucker, #43273MO
Assistant Attorney General
PO Box 861
St. Louis, MO 63188
(314) 340-7652 telephone
(314) 340-7029 facsimile
*Attorneys for Defendants Blair, Williford, Parsons, Fox, and Clubbs*

## **CERTIFICATE OF SERVICE**

      I certify that on October 30, 2014, I electronically filed the foregoing with the clerk of this Court by using the CM/ECF system, to be served by operation of the Court's electronic filing system, to the following:

Mr. Robb E. Hellwig
STONE AND LEYTON
7733 Forsyth Boulevard
Suite 500
Clayton, MO 63105
*Attorney for Plaintiff*

                                              */s/ Karin A. Schute*
                                              Assistant Attorney General